**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                        No. 98-4507

DEDRIC LEE WILEY,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Jackson L. Kiser, Senior District Judge.
(CR-98-7)

Submitted: February 9, 1999

Decided: March 9, 1999

Before WIDENER and ERVIN, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Randy V. Cargill, MAGEE, FOSTER, GOLDSTEIN & SAYERS,
P.C., Roanoke, Virginia, for Appellant. Robert P. Crouch, Jr., United
States Attorney, Donald R. Wolthuis, Assistant United States Attor-
ney, Michael Resch, Third-Year Law Student, Roanoke, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Dedric Lee Wiley appeals from his sentence imposed after his guilty plea to bank robbery, in violation of 18 U.S.C.A. § 2113(d) (West 1994 & Supp. 1998), being a convicted felon in possession of a firearm, in violation of 18 U.S.C.A. § 922(g) (West 1994 & Supp. 1998); and use of a firearm during a crime of violence, in violation of 18 U.S.C.A. § 924(c) (West 1994 & Supp. 1998). We affirm.

Wiley robbed a bank in Roanoke, Virginia, and displayed a gun during the course of the robbery. Two days after the robbery, Wiley engaged between ten to fifteen police units in a high-speed chase of over five miles. As a result of this incident, the presentence investigation report (PSR) recommended that Wiley receive a two-level offense level increase under U.S. Sentencing Guidelines Manual § 3C1.2 (1997), for recklessly creating a substantial risk of death or serious bodily injury while fleeing from law enforcement officers. Wiley objected to the enhancement, which objection the district court overruled.

We review the district court's application of the upward adjustment under USSG § 3C1.2 for clear error. See United States v. Chandler, 12 F.3d 1427, 1433 (7th Cir. 1994). A two-level increase in the offense level is warranted when the defendant "recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." USSG § 3C1.2.

After surveillance was set up around Wiley's apartment complex, officers observed Wiley drive into the apartment complex parking lot, then immediately attempt to leave. During the car chase that followed, Wiley ran through two stop signs; swerved over the solid white line at least five times; failed to yield after the officers initiated their lights and sirens; and attempted to pass one of the police vehicles on the right side using the shoulder of the road.

2

At one point in the chase, speeds of 100 to 110 miles per hour were reached. The engine in Wiley's car eventually failed, lowering the speed of the chase to a less dangerous level. At that point, Wiley brandished what appeared to be a pistol, as he attempted to cause the officer behind him to rear-end Wiley's vehicle by slamming on his brakes. One of the officers involved in the chase testified that there was traffic on the roads that evening. Because of the risk to the pursuing officers as well as to any potential bystanders, the district court did not clearly err in making the adjustment. See USSG § 3C1.2 and comment. (n.4); United States v. Valdez, 146 F.3d 547, 554 (8th Cir.) (holding high-speed chase of 70-80 miles per hour placed pursuing officers and others in area of chase at substantial risk, even though no specific non-law enforcement vehicles or pedestrians were placed in harm's way), cert. denied sub nom. Johnson v. United States, ___ U.S. ___, 67 U.S.L.W. 3258 (U.S. Oct. 13, 1998) (No. 98-5873); United States v. Conley, 131 F.3d 1387, 1389-90 (10th Cir. 1997) (holding § 3C1.2 adjustment warranted when during high-speed chase, suspect attempted to ram officer's vehicle), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3688 (U.S. Apr. 20, 1998) (No. 97-8337); United States v. Hicks, 948 F.2d 877, 884 (4th Cir. 1991) (leading officers on high-speed chase endangered officers in pursuit and other potential motorists).

Accordingly, we affirm Wiley's sentence. We dispense with oral argument because the facts and legal contentions are adequately set forth in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3